**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4671**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON DUWAYNE WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, District Judge. (4:18-cr-00047-D-1)

Submitted: April 30, 2021                                    Decided: June 3, 2021

Before MOTZ, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a two-day trial, a federal jury convicted Brandon Duwayne Wright of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The district court sentenced Wright to 300 months' imprisonment, which was in the middle of his Sentencing Guidelines range. On appeal, Wright challenges both his convictions and sentence. As explained below, we affirm the criminal judgment.

I.

Wright's first appellate argument pertains to the testimony provided by a jailhouse informant, who described various inculpating statements made by Wright while the two shared a housing pod. As particularly relevant here, the informant testified to Wright describing the type and quantity of narcotics he couriered the night of his arrest, as well prior instances in which Wright worked as a drug mule. Wright contends that this evidence was obtained in violation of the Sixth Amendment because, at the time Wright discussed his case with the informant, the informant had become a government agent by agreeing to cooperate with the Government, and the informant thereafter deliberately elicited information from Wright. Wright maintains that the district court should have suppressed this evidence on Sixth Amendment grounds.

While Wright objected to the admission of the informant's testimony as improper under Federal Rule of Evidence 404(b), he did not seek suppression under the Sixth Amendment. Federal Rule of Criminal Procedure 12(b)(3)(C) identifies "a motion to

2

suppress evidence" as one of the motions that "must be made before trial." *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997) (noting this rule). Consistent with this rule, we have held that the failure to make a pretrial motion to suppress precludes the defendant from raising on appeal a constitutional challenge to the admission of that evidence. *See United States v. Ricco*, 52 F.3d 58, 62 (4th Cir. 1995) (holding that defendant "waived the right to assert his constitutional objections" to the admission of evidence "by failing to file a motion to suppress the evidence before trial"). This waiver principle applies here, where Wright contends, for the first time on appeal, that the jailhouse informant's testimony should have been suppressed under the Sixth Amendment. Accordingly, we conclude that Wright has waived his constitutional challenge to the admissibility of the informant's testimony detailing Wright's inculpating statements. *Accord United States v. Horton*, 756 F.3d 569, 574 (8th Cir. 2014) (arguments not raised in motion to suppress are waived on appeal); *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006) (stating that "failure to raise specific issues or arguments in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal").[1]

## II.

Wright next challenges the sufficiency of the Government's evidence of his guilt, particularly as to his knowledge that he was transporting methamphetamine on the night of his arrest. Wright's argument relates to the denial of his Fed. R. Crim. P. 29 motion for a

---

[1] Even if not waived, Wright's argument would be reviewed for plain error. Under that analysis, assuming without deciding that Wright established an error that was plain, he is unable to establish prejudice based on the other evidence offered by the government.

3

judgment of acquittal, which we review de novo. *United States v. Ath*, 951 F.3d 179, 185 (4th Cir.), *cert. denied*, 140 S. Ct. 2790 (2020). This court "must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "Substantial evidence means the evidence was sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of each offense." *Ath*, 951 F.3d at 185; *see Musacchio v. United States*, 577 U.S. 237, 243 (2016) (inquiring "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (internal quotation marks omitted)).

In undertaking this review, we will not "resolve conflicts in the testimony" or "weigh the evidence," *Musacchio*, 577 U.S. at 243 (internal quotation marks omitted); *see Burfoot*, 899 F.3d at 334, and must "allow the government all reasonable inferences that could be drawn in its favor," *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). This court must consider "circumstantial as well as direct evidence, and remain mindful that a conviction may rely entirely on circumstantial evidence." *United States v. Hassan*, 742 F.3d 104, 139 (4th Cir. 2014) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

The jury found Wright guilty of one count of conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine and one count of

substantive drug trafficking that involved the same drug type and quantity. The Government's trial evidence established that, on March 11, 2018, Wright drove a truck from Atlanta, Georgia, to Greenville, North Carolina. There were two bags of dog food and box of laundry detergent in the truck. Upon being seized and opened, the police discovered five kilograms of methamphetamine secreted in these packages. The police had brokered this controlled buy over several weeks, using a confidential source ("CS") to communicate with an individual known as "Emilio," who was part of a drug trafficking organization.

The only element of these crimes that is in dispute is Wright's knowledge of *what* he was transporting. Wright was careful to not to use words directly referencing narcotics in his recorded conversation with the CS, who was the intended recipient of the packages. However, upon review of the trial transcript, we conclude that the jury could reasonably infer from the words used in that conversation, the factual context in which the conversation arose, and the CS's testimony regarding the meaning behind the words, that Wright knew—at the minimum—that he was transporting an illicit substance. The CS's interaction with Wright was the culminating event in a five-kilogram methamphetamine deal that had been in the works for several weeks. During the course of the day, it became clear that Wright was the courier of the methamphetamine. In the recording of Wright's conversation with the CS, Wright is heard to complain about making the transfer after 8 p.m., because he did not want to be intercepted by the police or robbed. These statements support the finding that Wright knew there was a controlled substance concealed in the packages. In addition, the jailhouse informant recounted Wright's after-the-fact

5

admissions to transporting four to five kilograms of methamphetamine on the night of his arrest, as well as his prior engagement as a drug courier.

Considered in its totality and in the light most favorable to the prosecution, *see United States v. Seigler*, 990 F.3d 331, 338 (4th Cir. 2021), we conclude that the Government's evidence was sufficient to prove Wright's knowledge of the type and quantity of the narcotics he transported. Accordingly, we discern no error in the district court's denial of Wright's Rule 29 motion.

III.

Wright's final contention pertains to the substantive reasonableness of the 300-month sentence imposed by the district court. When, as happened here, the defendant advocates for a shorter sentence than the one imposed by the district court, he preserves a claim that his sentence is substantively unreasonable. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), *cert. denied*, 141 S. Ct. 687 (2020). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id*. "If the [c]ourt finds no significant procedural error, it then considers the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir.) (brackets and internal quotation marks omitted), *cert. denied*, 141 S. Ct.

382 (2020); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) ("[W]e review the sentence for procedural reasonableness before addressing whether it is substantively reasonable.").

Although not raised as an issue on appeal, we must confirm that Wright's sentence is procedurally reasonable before addressing his contention that the sentence is substantively unreasonable. *See Provance*, 944 F.3d at 218. Upon review, we observe that the district court properly calculated Wright's Guidelines range; afforded the parties an opportunity to argue for an appropriate sentence, provided a detailed response to defense counsel's argument for a downward variance, and allowed Wright to allocute; and thoroughly explained the chosen sentence in terms of the § 3553(a) factors the court deemed relevant. We thus conclude that the sentence is procedurally reasonable.

Turning, then, to the issue before us, Wright asserts a two-prong argument pertaining to the substantive reasonableness of his sentence. First, Wright generally suggests that the sentence fails to account for Wright's individual history and characteristics; second, Wright contends that the district court abused its discretion in rejecting the bases advanced for a below-Guidelines sentence, and that doing so renders the sentence substantively unreasonable.

As we have explained, substantive reasonableness review requires the evaluation of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (recognizing that the appellate court must give "due deference to the [d]istrict

7

[c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). Of course, we presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018). A defendant rebuts the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Wright's arguments to undermine the substantive reasonableness of his sentence are both belied by the record and inadequate to overcome the presumption of reasonableness afforded the within-Guidelines sentence selected by the district court. First, the district court's robust explanation for the selected sentence is fatal to Wright's more general suggestion that the court failed to individually assess his circumstances and characteristics. Also on this point, we note that Wright fails to highlight any particular facts relevant to § 3553(a) factors that support his view that the selected sentence is substantively unreasonable. *See id*.

Finally, the court acknowledged and considered Wright's arguments for a downward variance, which included a policy-based disagreement with the Guidelines imposition of greater penalties on those methamphetamine offenses that involve higher-grade purities and the contention that Wright's Guidelines range over-punished his conduct, and ably fulfilled its duty to explain why it rejected with the same. *See United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (observing that the sentencing judge "must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments"). While Wright maintains that his

8

arguments were highly persuasive and should have been given weight, this does not lead to the conclusion that the district court somehow abused its discretion in rejecting them. *Cf. United States v. Engle*, 592 F.3d 495, 502 (4th Cir. 2010) (recognizing that "district courts may 'vary from Guidelines ranges based solely on policy considerations, including disagreements with the Guidelines'" (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)). Accordingly, we uphold the sentence as substantively reasonable.

For the foregoing reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*